GOVERNMENT OF THE DISTRICT OF COLUMBIA
DEPARTMENT OF CORRECTIONS



Office of the Attorney General
General Counsel for
the Department of Corrections

February 15, 2007

Matthew Stiglitz
Trial Attorney
U.S. Department of Justice
Criminal Division
Narcotic and Dangerous Drug Section
1400 New York Ave., N.W., 8th Floor
Washington, D.C.  20530
(202) 305-3646- office
(202) 305-9825- fax

Re:    Francisco Torres-Garcia
       DCDC 306-194
       Pending Trial- Consp. to Import > 5 kilograms of cocaine and > 500 grams of
       methamphetamine into the U.S.

Dear Mr. Stiglitz,

In response to your inquiry as to whether inmate Torres-Garcia can be housed at the Correctional Treatment Facility of this agency, the Wardens have reported to me that he cannot.

By contract, the Correctional Treatment Facility is a medium security facility and precluded from housing high custody inmates unless the high custody inmates are placed on "special housing," which are rare and done for special circumstances only.  Those circumstances are inmates who require infirmary care, are cooperators or have separation orders that cannot be addressed at the jail.  Please be aware that most detainees want to be transferred to the CTF, because they have "contact visits".   However, even under those circumstances, the high custody inmates would be on lockdown status, and would not have contact visits or the other privileges accorded medium custody inmates. If the inmate is an alleged drug dealer/distributor, such a transfer would not be approved by the Department of Corrections.

Custody determinations are at the heart of Corrections practices and the Courts should give deference to corrections professionals in making such security determinations.  Even the U.S. Supreme Court is loath to substitute the expertise of corrections' officials, citing that prison officials have broad administrative and discretionary authority over the institutions they manage.  Broad discretionary authority is necessary because the administration of a prison is "at best an extraordinarily difficult undertaking," Wolff v. McDonnell, 418 U.S. 539, at 566 (1974).  The safety of the institution's guards and inmates is perhaps the most fundamental responsibility of

the prison administration. See Bell v. Wolfish, supra, at 547; Jones v. North Carolina Prisoners' Labor Union, 433 U.S. 119, 132 (1977); Pell v. Procunier, 417 U.S. 817, 823 (1974); Procunier v. Martinez, 416 U.S. 396, 404 (1974).

As noted by the U.S. Supreme Court in Rhodes v. Chapman, 452 U.S. 337, 349, n. 14 (1981), "a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators." " In the volatile atmosphere of a prison, an inmate easily may constitute an unacceptable threat to the safety of other prisoners and guards even if he himself has committed no misconduct; Rumor, reputation, and even more imponderable factors may suffice to spark potentially disastrous incidents. The judgment of prison officials in this context, like that of those making parole decisions, turns largely on "purely subjective evaluations and on predictions of future behavior," Connecticut Board of Pardons v. Dumschat, 452 U.S. 458, 464 (1981);

Even more compelling is the fact the inmate's custody determinations are based on the objective application of a Classification System that represents the industry standard in the field of Corrections. Classification is the process by which such determinations are made and goes to the core of the safety, security and order of an institution and the safety of the law abiding community. An improper classification, custody or housing designation can lead not only to escape, but to death in a prison. An improperly housed inmate is a threat to staff and fellow inmates and deference should be accorded the Departments determination that the inmate is not a candidate for the CTF.

If you have any questions, please contact me at 202-671-2037.

Sincerely ,


Maria Amato
General Counsel, Department of Corrections
Office of the Attorney General for the
District of Columbia
1923 Vermont Ave., N.W. N102
Washington, D.C. 20001
202-671-2037
Fax 671-2514
cell 615-4459