## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **Plaintiff**, | ) | |
| | ) | |
| v. | ) | Criminal Case No. 05-342-24 (RCL) |
| | ) | |
| **JUAN EDUARDO PEREZ RINCON** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S DISCOVERY REQUESTS AND MOTION FOR BILL OF PARTICULARS

The United States, by and through Patrick Hearn, Trial Attorney, Department of Justice Criminal Division, Narcotic and Dangerous Drug Section, hereby files the Government's Response to the Defendant Perez-Rincon's Attorney's Affirmation requesting Discovery, a Bill of Particulars and Brady Material.

## I. DISCOVERY AND INSPECTION

### A.  Government's Position regarding discovery

As this Court is well aware, in criminal prosecutions, "the Brady rule, Rule 16 and the Jencks Act, exhaust the universe of discovery to which the defendant is entitled." United States v. Presser, 844 F.2d 1275, 1286 n.12 (6th Cir. 1988); see Pennsylvania v. Ritchie, 480 U.S. 39, 59 (1987); United States v. Bagley, 473 U.S. 667, 676 (1985) ("the prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial").

1

### B. Federal Rule of Criminal Procedure 16

Under <u>Fed. Rules Cr. Proc. Rule 16(a)(1)</u> the Federal Government is required to produce

the Defendant's relevant written and oral statements, prior record, and certain documents and

objects upon the Defendant's request.  <u>Fed. Rules Cr. Proc. Rule 16(a)(2)</u>, however, prohibits the

discovery or inspection of reports, memoranda, or other internal government documents made by

an attorney for the government or other government agent in connection with investigating or

prosecuting the case, and prohibits the discovery or inspection of statements made by

government witnesses or prospective government witnesses except as provided in the <u>Jencks Act,</u>

<u>18 U.S.C.A. § 3500</u>.  The Federal Rules of Criminal procedure require the production of the

following five categories of evidence: (1) defendant's statements, Fed. R. Crim. P. 16(a)(1)(A);

defendant's record, Fed. R. Crim. P. 16(a)(1)(B); documents and tangible objects, Fed. R. Crim.

P. 16(a)(1)©; reports of examinations and tests, Fed. R. Crim. P. 16(a)(1)(D); and expert

witnesses, Fed. R. Crim. P. 16(a)(1)(E).

"The central requirement of Rule 16(a)(1)(c)is that the defendant must show that the

documents or evidence sought to be discovered are material to the preparation of his defense."

Although this hurdle is not a high one, "the evidence must not simply 'bear some abstract logical

relationship to the issues in the case. . . . There must be some indication that pretrial disclosure of

the disputed evidence would [enable] the defendant significantly to alter the quantum of proof in

his favor."  Nonetheless, the documents need not directly relate to the defendant's guilt or

innocence.  Rather, they simply must "play an important role uncovering admissible evidence,

aiding witness preparation, corroborating testimony or assisting impeachment or rebuttal."

<u>United States v. George</u>, 786 F.Supp. at 13 (D.D.C. 1991).

This articulation of the law was based, in part, on United States v. Poindexter, 727

F.Supp. 1470 (D.D.C. 1989), which stated:

"The law is clear that the government is not required simply to turn all its files over to a

defendant. Nor is it required to provide to the defendant evidence that is not exculpatory but is

merely not inculpatory and might therefore form the groundwork for some argument in favor of

the defense." Id. at 1485 (citations omitted).

General discovery requests are impossible for the government to respond to since the

government does not know the theory and nature of the defense and is not expected to guess or

predict what it might be. The United States is not required to guess and speculate at what legal

"defenses" might be available in this case. Sweeping requests for discovery are not cognizable

under either Brady v. Maryland, supra, or F.R.Cr.P. 16. See, United States v. Bagley, 473 U.S.

667, 675, (1985); United States v. Agurs, 427 U.S. 97 (1976); Jencks v. United States, 353 U.S.

657, 667, (1957); United States v. Williams, 580 F.2d 578, 585 (D.C. Cir. 1978), cert. denied,

439 U.S. 832 (1978).

**C. Brady material**

Defendant Perez moves this Court to compel the government to disclose several

categories of information under the supposed authority of Brady v. Maryland, 373 U.S. 83

(1963). Instead, the government must only turn over evidence of other suspects if it is "material"

to the defense. United States v. George, 786 F.Supp. 11 (D.D.C. 1991) See Kyles v. Whitley,

514 U.S. 419, 436- 37 (1995) (Constitution "not violated every time the government fails or

chooses not to disclose evidence that might prove helpful to the defendant;" government must

disclose evidence only when that evidence has "reasonable probability" of affecting the outcome

3

of the proceeding).  To be material, evidence must, at a minimum, be admissible or must lead to

the discovery of admissible evidence. See Wood v. Bartholomew, 516 U.S. 1, 6-7 (1995); United

States v. Kennedy, 890 F.2d 1056, 1059 (9th Cir. 1989); United States v. Ranney, 719 F.2d 1183,

1190 (1st Cir. 1983) ("Inadmissible evidence is by definition not material [for Brady purposes],

because it never would have reached the jury and therefore could not have affected the trial

outcome.").  The government is aware of its continuing duty of disclosure and, as directed by

Kyles, "will resolve doubtful questions in favor of disclosure." 514 U.S. at 439 (citation and

internal quotation marks omitted).

       The United States understands that under the Brady doctrine, the prosecution has an

affirmative duty to produce exculpatory evidence when such evidence is material to either guilt

or punishment.  Evidence is material, however, "only if there is a reasonable probability that, had

the evidence been disclosed to the defense, the result of the proceeding would have been

different." United States v. Bagley, supra, 473 U.S. at 682.  Neutral or inculpatory evidence,

however, does not have to be disclosed by the prosecutor. See United States v. Bryan, 868 F.2d

1032, 1037 (9th Cir.), cert. denied, 493 U.S. 858 (1989)(evidence is not automatically

exculpatory because it is not inculpatory); United States v. Comosona, 848 F.2d 1110, 1115

(10th Cir. 1988)(the government does not have to produce any statements which do not

"expressly" contain exculpatory material); United States v. Cochran, 697 F.2d 600, 605 (5th Cir.

1983).

       **D. Jenks Material**

       To the degree that the defendants discovery requests seeks Jenks materials the

Government objects to its production at this time.  First, the government enjoys a qualified,

4

though "time-honored" privilege to withhold the identity of its informants from criminal defendants. Roviaro v. United States, 353 U.S. 53 (1957); United States v. Brodie, 871 F.2d 125, 128 (D.C. Cir. 1989). In making the determination whether disclosure of a witness to a defendant is necessary, the Court must balance the public's interest in law enforcement and protecting the cooperating witness's identity against the defendant's right to prepare a defense. Roviaro, supra, 353 U.S. at 62; United States v. Warren, 42 F.3d 647, 654 (D.C. Cir. 1994). The defendant bears the heavy burden of proving that disclosure of the informant's identity is necessary and relevant to the defense. Id. at 654; United States v. Staufer, 38 F.3d 1103, 1109 (9th Cir. 1994). Courts do not order disclosure where, as here, such disclosure would place the informant in personal danger and the prospective testimony is not exculpatory. United States v. Pelton, 578 F.2d 701, 707-08 (8th Cir. 1978), cert. denied, 439 U.S. 964 (1979). In this case, we intend to call the cooperating witnesses as a witnesses at trial. Disclosure of their identities at this time, therefore, is not required. See, e.g., United States v. Foster, 815 F.2d 1200, 1202-03 (8th Cir. 1987) (denial of defendant's motion to disclose informant's identity proper where informant testified at trial and was subject to cross-examination). Furthermore, the government submits that, as mentioned above, there is nothing exculpatory about the prospective testimony of the cooperating witnesses. Additionally, defendant has not even alleged how such testimony may be exculpatory. Instead, the information regarding the cooperating witnesses is merely impeaching.

The government must produce exculpatory evidence - including impeachment evidence - to defendant in time for him to make use of it. See, e.g., United States v. Paxson, 861 F.2d 730, 737 (D.C. Cir. 1988). When the exculpatory evidence in question - like the evidence here - is

solely of an impeaching nature, disclosure shortly before trial satisfies the government's

obligations.  United States v. Tarantino, 846 F.2d 1384, 1416 (D.C. Cir. 1988).  In Tarantino, the

appellant argued that, although he had the material to use for impeachment at trial, the

government's failure to provide the material before trial constituted a Brady violation. The Court

of Appeals rejected appellant's argument:

> "This argument strikes us as an attempt to convert Brady into a broad rule of discovery in
>
> criminal cases. Appellants' argument necessarily suggests that all relevant material held by the
>
> government must be produced prior to trial, for relevant material will always be at least
>
> marginally useful at every stage of trial.  As a matter of policy such broad discovery might or
>
> might not be wise, but certainly it is not required by present law."

In United States v. Trie, 21 F.Supp. 2d 7, 23-26 (D.D.C. 1998), Judge Friedman required

pretrial disclosure of truly exculpatory material - not merely impeaching material. In fact, Judge

Friedman has explicitly distinguished between exculpatory and impeaching materials and

recognized the appropriateness of disclosing the latter material shortly before trial.  United States

v. Ramirez, 54 F.Supp. 2d 25, 34 n.6 (D.D.C. 1999) ("Because the disclosure of some of this

material necessarily would reveal the identities of the government's cooperating witnesses,

information that is protected under Roviaro until closer to the trial date" the Court did not order

immediate disclosure).   The government proposes disclosing this material on the Thursday the

week before the witness testifies.  Such an accommodation would be in accord with common

practice in this Circuit.

## II.  DEFENDANT'S SPECIFIC DISCOVERY REQUESTS

In response to the Defendant's discovery motion, the Government will certainly fulfill its

discovery obligations but notes that in confirming any specific requests beyond the scope of the

Brady rule, Rule 16, and the Jencks Act, the Government does not waive any limits proscribed

within the Brady rule, Rule 16, the Jencks Act and relevant case law.  Accordingly, the

Government responds to the Defendant's specific discovery requests as follows.

Defendant's discovery request Paragraph 4 (a).  The defendant requests that the

Government identify the particular conversations attributed to the Defendant.  The Government

has previously provided this information with its original discovery response. See Exhibit A

(Government's discovery letter to defendant's counsel).

Defendant's discovery request Paragraph Four (b).  The Defendant requests that the

Government, "identify in what manner and by what person(s) the Defendant's voice was

identified."  The Government objects to defendant's request at this time relying on our response

for Jenks materials, stated above, and United States v. Edelin, 128 F.Supp.2d 23, 31 (D.D.C.

2001), in which the court held that the Government was not required to disclose the names of

government witnesses and related information to Defendants until the Thursday before each

witness was to testify in trial where the Defendants request "may jeopardize the life or safety of

any person." 18 U.S.C. §3432.  In regards to law enforcement and civilian witnesses providing

voice analysis, for safety and security reasons, the Government opposes providing any

information at this time.  In regards to expert witnesses that the Government may use to identify

the Defendant's voice, the Government is unable at this time to identify the expert witness it may

use.  The Government will provide the Defendant with the expert witness' identity and written

summary of any testimony that the government intends to use as evidence at trial pursuant to Fed.

Rules Cr. Proc. Rule 16(a)(1)(G).  The Government will provide this information no less than the

Thursday prior to the week of the expert witness testimony.

Defendant's discovery request Paragraph Four (c). The Defendant requests that the Government, "provide Spanish and English transcripts of all conversations in which he allegedly participated; as well as all conversations in which he is allegedly referred to." The Government will provide the Defendant with Spanish and English transcripts of all documents it will use in its case in chief.

Defendant's discovery request Paragraph Four (d). The Defendant requests that the Government, "indicate what telephone numbers the Defendant allegedly spoke on, on what dates, and in whose name(s) the telephone numbers were subscribed." The recordings and transcripts the Government has already provided to the Defendant contain the telephone identification numbers, dates and times of the telephone calls in which the Defendant allegedly spoke.

Defendant's discovery request Paragraph 5. The Defendant requests that the Government produce post-arrest statements of the Defendant to law enforcement or government personnel. The Government does not possess nor is it aware of any post-arrest statements of the Defendant to law enforcement or government personnel.

Defendant's discovery request Paragraph 7. The Defendant requests "the Court to direct the Government to provide copies of the originals and to allow inspection of the originals of any recording, documents, photographs, tangible objects, which were obtained from or relate to the Defendant, including those regarding any corporation, partnership, or other business entity in which the Defendant has or is alleged to have any interest, or any relationship of any kind at any time." The Government will permit the inspection books, papers, documents, data, photographs, tangible objects, and buildings, which it has in its possession, that were obtained from or

belonging to the Defendant.

Defendant's discovery request Paragraph 8.  The Defendant requests "copies of any documents the Government intends to use at trial in its case in chief, including any that will be put into evidence and any relied upon or referred to in any manner or used to impeach any witness."  The Government objects to the Defendant's request.  As stated in its arguments which prefaced the Government response to specific discovery requests, the Government will produce documents as required under the Brady rule, Rule 16 and the Jencks Act at the appropriate time. The Government objects to the production of impeachment materials at this time.  While under Brady and its progenies, the Government has a constitutional duty to turn over impeachment materials, "(t)here is nothing in Brady or Agurs to require that such disclosures be made before trial." United States v. McPartlin, 595 F.2d 1321, 1346 (7th Cir.), cert. Denied, 444 U.S. 833 (1979); United States v. Engram, 337 A.2d 488 (D.C. Cir. 1975) (prior conviction and arrest records of witnesses do not need to be turned over prior to trial).

Defendant's discovery request Paragraph 9.  The Defendant requests that "any such documents (the Government intends to use at trial in its case in chief) be specifically identified from the mass of documents that may be produced."  The Government will make all reasonable efforts to identify documents for the defense.

Defendant's discovery request Paragraph 10.  The Defendant requests "a list of any and all property seized from the Defendant incidental to arrest; and to inspect the same."  The Government will allow inspection by defense counsel of property, which is in the Government's possession, seized from the Defendant incidental to his arrest.

Defendant's discovery request Paragraph 11.  The Defendant requests "a copy of any

9

search warrant, and a copy of all 'returns' from said warrants." The Government does not possess any search warrants and is unaware of any search

Defendant's discovery request Paragraph 12. The Defendant requests that "if the government expects to call any witness to give expert testimony at either a trial or hearing," it provide "all resumes, training, experiences, and writings of said witness(s)." The Government will provide the Defendant with the expert witness' identity and written summary of any testimony that the government intends to use as evidence at trial pursuant to <u>Fed. Rules Cr. Proc. Rule 16(a)(1)(G)</u>.

Defendant's discovery request Paragraph 13. The Defendant requests "the names, dates, times, and places of any identification of the Defendant by any law enforcement authorities be provided, as well as any documents, recordings, or records of said identification." The Government objects to discovery request, at this time, for safety and security reasons. As stated in our arguments which prefaced the Government response to specific discovery requests, the Government will produce documents as required under the Brady rule, Rule 16 and the Jencks Act at the appropriate time. See <u>United States v. Edelin, 128 F.Supp.2d 23, 31 (D.D.C. 2001)</u> (the Government was not required to disclose the names of government witnesses and related information to Defendants until the Thursday before each witness was to testify in trial where the Defendants request "may jeopardize the life or safety of any person." <u>18 U.S.C. §3432</u>.).

Defendant's discovery request Paragraph 17 (a). The Defendant requests information which may affect the credibility of Government witnesses. The Government objects to discovery request, at this time, for safety and security reasons. Again, as stated in our arguments which prefaced the Government response to specific discovery requests, the Government will produce

documents as required under the Brady rule, Rule 16 and the Jencks Act at the appropriate time. See United States v. Edelin, 128 F.Supp.2d 23, 31 (D.D.C. 2001) (the Government was not required to disclose the names of government witnesses and related information to Defendants until the Thursday before each witness was to testify in trial where the Defendants request "may jeopardize the life or safety of any person." 18 U.S.C. §3432.).

Defendant's discovery request Paragraph 17 (b). The Defendant requests exculpatory material. As stated in our arguments, which prefaced the Government response to specific discovery requests, the Government will continue to fulfill its Brady obligations.

Defendant's discovery request Paragraph 18. The Defendant requests the right to inspect documents, recordings or transcripts of any recordings made by law enforcement during the investigation of this case. As stated in our arguments which prefaced the Government response to specific discovery requests, the Government will produce evidence, which is in its possession, related to this request as required under the Brady rule, Rule 16 and the Jencks Act. The Government has already produced to the Defendant and he has in his possession all recordings and related documents for this case.

Defendant's discovery request Paragraph 19. The Defendant requests the names of those people convicted in Colombia in connection with the seizure of 50 kilograms of cocaine in a truck in northern Colombia that the Defendant conspired with or had a connection. Defendant's request is vague and is lacking a date and location. However, the Government will assume Defendant's request relates to the seizure of 55 kilograms of cocaine on January 21, 2006, outside of the city of Santa Marta, Colombia, which is the subject of Count III of the indictment. As stated in our arguments which prefaced the Government response to specific discovery

requests, the Government will produce evidence, which is in its possession, related to this request as required under the Brady rule, Rule 16 and the Jencks Act. The Government has already produced to the Defendant and he has in his possession all information in the Government's possession relating to the seizure of the 55 kilograms of cocaine.

Defendant's discovery request Paragraph 20. The Defendant requests all documents connected with "their" arrest. The Government assumes Defendants request relates back to the individuals referenced in Paragraph 19. Again, as stated in our arguments which prefaced the Government response to specific discovery requests, the Government will produce evidence, which is in its possession, related to this request as required under the Brady rule, Rule 16 and the Jencks Act. The Government has already produced to the Defendant and he has in his possession all information in the Government's possession relating to the seizure of the 55 kilograms of cocaine. Specifically, in regards to Defendant's request for co-conspirators statements, should they fall outside the requirements of Brady rule, Rule 16 and the Jencks Act the Government objects to their requested production. The Court of Appeals has specifically ruled, however, that defendant is not entitled to such disclosure. Tarantino, 846 F.2d 1384 (D.C. Cir. 1988). In Tarantino, the defendant requested disclosure of coconspirator statements, arguing that he was entitled to them because under the agency theory of Fed. R. Evid. 801(d)(2)(E), they were in fact deemed to be his statements, but the Court of Appeals rejected this argument:

> We believe, however, that we are without authority to order such discovery. Nothing in the Federal Rules of Evidence or in the Jencks Act requires such disclosure - we think it clear that as used in Fed. R. Crim. P. 16(a)(1)(A) the phrase "statements made by the defendant" does not include statements made by co-conspirators of the defendant, even if those statements can be attributed to the defendant for purposes of the rule against hearsay. Once appellant's imaginative reading of 16(a)(1)(A) is rejected, no other authority is suggested for this type of discovery order. Under our law, the adversary

system is "the primary means by which truth is uncovered." [ [citation omitted]  We decline to extend the defendant's right to discovery beyond that required by statute or the constitution.  We note this result is in agreement with every other circuit that has examined the question. [ [citations omitted]. Id. at 1418;

see also, United States v. Davis, 90 F.3d 490 (D.C. Cir. 1996) cert. denied 519 U.S. 1128 (1997)

("That a declarant's statement becomes a statement of the defendant under F.R.E. 801(d)(2)(E)

does not mean it becomes the defendant's statement for purposes of F.R.Crim. Pro. 16(a)(1)(A),

Tarantino; that a declarant is treated as a witness for purposes of Rule 801(d)(2)(E) or Rule 806

does not mean he becomes one for purposes of the Jencks Act.").  Additionally, to the extent that

defendant is requesting disclosure of his own statements that were made to coconspirators, his

request is equally baseless: defendant is only entitled to the substance of oral statements that

were made "in response to interrogation by any person then known to the defendant to be a

government agent." Fed. R. Crim. P. 16(a)(1)(A)(emphasis added).

## III. BILL OF PARTICULARS

The Government objects to Defendant Perez-Rincon's Motion for a Bill of Particulars.

The Defendant has been indicted in an indictment which charges him with conspiracy to

manufacture and distribute 5 kilograms of more of cocaine knowing and intending that the

cocaine would be imported into the United States.  The Defendant has moved for a bill of

particulars, requesting specific information concerning:  (1) the date the Defendant allegedly

agreed to enter the conspiracy and the identity of the individual or individuals with whom he

entered into the agreement; (2) the Defendant's specific role in the conspiracy; and (3) the

identities of all conspirators with whom the Defendant allegedly conspired.

The Defendant's Motion for a Bill of Particulars is essentially an attempt at discovery and

his requested information, upon which he bases his motion, fall outside the intended purposes of a Bill of Particular. For the reasons outlined below, the government opposes the Defendant's motion.

The purpose of a bill of particulars is "to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987); see United States v. Kendall, 665 F.2d 126 (7th Cir. 1982); United States v. Madeoy, 652 F. Supp. 371, 374 (D.D.C. 1987). "It is not the function of a bill of particulars to provide a detailed disclosure of the Government's evidence in advance of trial." Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968). Similarly, "[a]cquisition of evidentiary detail is not a function of a Bill of Particulars." United States v. Torres, 901 F.2d 205, 234 (2d Cir. 1990); Hemphill v. United States, 392 F.2d 45, 49 (8th Cir. 1968), cert. denied, 393 U.S. 877 (1968). A bill of particulars is not intended as a vehicle for a "wholesale discovery of the Government's evidence," United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975), cert. denied, 423 U.S. 808 (1975), nor should it be used as a substitute for discovery, United States v. Lawson, 688 F. Supp. 314 (S.D. Ohio 1987), or as a means of informing the defendant of every shred of evidence which the Government intends to present. United States v. United States Gypsum Co., 37 F. Supp. 398, 402 (D.D.C. 1941). The defendant's constitutional right underlying a bill of particulars is to know the offense with which he is charged, not to know the details of how it will be proved. United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert. denied, 455 U.S. 1021 (1982).

In a conspiracy case, a bill of particulars may not be used to compel the government to

14

provide the essential facts regarding the existence and formation of the conspiracy.  United States
v. Rosenthal, 793 F.2d 1214, 1227 (11th Cir. 1986), opinion modified in part, 801 F.2d 378 (11th
Cir. 1986), cert. denied, 480 U.S. 919 (1987); United States v. Deaton, 448 F. Supp. 532, 537
(N.D. Ohio 1978).  Nor is the Government required to specify every overt act it intends to prove
at trial. Wong Tai v. United States, 273 U.S. 77 (1926); United States v. Carroll, 510 F.2d 507,
509 (2d Cir. 1975), cert. denied, 426 U.S. 923 (1976); United States v. Rosenthal, supra, 793
F.2d at 1227.  In fact, as a practical matter, in a prosecution for conspiracy under 21 U.S.C. §963
and §959, the Government is not required to even prove an overt act committed in furtherance of
the conspiracy.  United States v. Long, 449 F.2d 288, 294-95 (8th Cir. 1971), cert. denied, 405
U.S. 974 (1972); United States v. Armocida, 515 F.2d 49, 54 (3d Cir. 1975), cert. denied, 423
U.S. 959 (1975).

     The government respectfully submits that a bill of particulars is not warranted because the
Defendant has been provided with ample and complete discovery regarding the charges against
him, in detail more than sufficient for the preparation of a defense and to prevent possible double
jeopardy concerns. See, e.g., United States v. Butler, supra, 822 F.2d at 1193; United States v.
Matlock, 675 F.2d 981, 986 (9th Cir. 1982); United States v. Esquivel, 755 F. Supp. 434, 436
(D.D.C. 1990).

     In fact, the Government has provided hundreds, if not thousands of recorded calls related
to the Defendant, co-conspirators, indicted and unindicted.  Additionally, the Government has
provided seizure evidence and identified it as it relates to specific counts in the indictment.  The
Government has spoken with defense counsel and identified co-conspirators with whom the
Defendant was in direct contact.  And the Government continues to be willing to meet with

defense counsel to discuss the Government view of the conspiracy and the Defendant's role within the conspiracy. The motion for bill of particulars seeks to require answers to questions which are already answered in the indictment or in discovery material previously supplied to defense counsel, and impermissibly seeks to obtain a preview of the Government's evidence not otherwise allowed by law.

Consequently, the Court should deny Perez-Rincon's Motion for Bill of Particulars.

## IV.  PERMISSION TO JOIN IN MOTIONS MADE BY CO-DEFENDANTS

The Government consents to the Defendant's request in Paragraph 21.

## V.  PERMISSION TO FILE ADDITIONAL MOTIONS

The Government consents to the Defendant's requests in Paragraphs 22 and 23.

## VI.  CONCLUSION

For all of the foregoing reasons, the Government respectfully requests that the Defendant's discovery requests for material beyond the obligations of the Brady rule, Rule 16 and the Jencks Act be denied; and Defendants Motion for a Bill of Particulars be denied.

Dated: June 28, 200

Respectfully submitted,

WAYNE RAABE, Acting Chief
Narcotics and Dangerous Drug Section


_/s/_____
Patrick H. Hearn
Trial Attorney
Narcotics and Dangerous Drug Section
U.S. Department of Justice
1400 New York Avenue, N.W.
Washington, D.C.  20005
(202) 305-7606

16

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certified that a copy of the forgoing Government's Response to Defendant's Discovery Request and Motion for a Bill of Particulars was sent to Todd Merer, attorney for Juan Eduardo Perez Rincon, via ECF on June 28, 2008.

                                        /s/_____
                                        Patrick H. Hearn
                                        Trial Attorney