UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,      :
                               :
                               :
                               :
     v.                        :     Crim. Case No. 05-342 (RCL)
                               :
                               :
                               :
JUAN EDUARDO PEREZ-RINCON      :


DEFENDANT JUAN EDUARDO PEREZ-RINCON'S
MOTION TO DISMISS THE INDICTMENT FOR LACK OF VENUE

INTRODUCTION

Defendant Juan Eduardo Perez-Rincon, together with numerous others, is charged, in Count One of the indictment, with conspiracy (U.S.C., Section 963) to violate U.S.C., Section 959, in that he and 24 named co-conspirators, together with unindicted co-conspirators, conspired, in Colombia and elsewhere, to:

> distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, ... intending and knowing that such substance would be unlawfully imported into the United States.

Count Three charges that in Colombia and elsewhere, Mr. Perez-Rincon, and five others violated United States Code, Section 959 in that they:

> did unlawfully, and intentionally distribute and cause the distribution of five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, ... intending and knowing that such cocaine would be unlawfully imported into the United States.

1

It is defendant's position that the indictment, on its face, fails to allege facts sufficient to sustain venue in the District of Columbia and the indictment should be dismissed.

ARGUMENT

At the outset it should be noted that venue is not a mere technicality. The defendant's right to proper venue has explicit constitutional roots in Article III, Section(s) 2, cl. 3, which "requires that the trial of any crime be held in the state in which the crime was committed," and in the Sixth Amendment, which guarantees trial by "a jury of the state and district in which the crime was committed." United States v. Medina-Ramos, 834 F.2d 874, 875-76 (10th Cir. 1987). These requirements are codified in Fed. R. Crim. P. 18, which states "[e]xcept as otherwise permitted by statute or by these rules, the prosecution shall be had in a district in which the offense was committed."  The Supreme Court has pointed out that failure to treat venue rights seriously not only may impose unfairness and hardship on the accused, but might also encourage forum-shopping by federal prosecutors.  "Questions of venue in criminal cases, therefore, are not merely matters of formal legal procedure.  They raise deep issues of public policy . . . ." United States v. Johnson, 323 U.S. 273, 275 (1944).  And, see, United States v. Cobar, No. 05-451, 2006 WL 3289267 (D.D.C. Nov. 9, 2006); United States v. Torres-Garcia, No. 05-267 (D.D.C. 04/24/2007).   And, when a defendant has been indicted on multiple counts, venue must be proper for each count. United States v. Haire, 371 F.3d 833 (D.C. Cir. 2004), citing, United States v. Lam Kwong-Wah, 924 F.2d 298 (D.C. Cir. 1991) ("the government bears the burden of establishing that venue is proper with

respect to each count charged against the defendant.")

The Government bears the burden of establishing by a preponderance of the evidence that venue is appropriate, United States v. Haire, supra; United States v. Lam Kwong-Wah, supra, and it is only when an indictment "alleges facts which, if proven, would sustain venue" is that indictment sufficient. See, United States v. Bohle, 445 F.2d 54 (7th Cir. 1971), overruled on other grounds, United States v. Lawson, 653 F.2d 299 (7th Cir. 1981).  And, in ruling on a pre-trial motion to dismiss for lack of venue, the court must determine whether the claimed venue is proper from the allegations in the indictment alone. United States v. Jensen, 93 F.3d 667 (9th Cir. 1996).  In this regard for example, see United States v. Bohle, supra, where the indictment was found to be insufficient on its face where it failed to allege that the indictment was returned prior to Bohle's return to the United States - a crucial allegation necessary to sustain venue under the circumstances existing in that case.  Moreover, if a defect in venue is clear on the face of the indictment, as it is here, a defendant's objection must be raised before trial or before the government has completed its case.  See, e.g. United States v. Ruelas-Arreguin, 219 F.3d 1056 (9th Cir. 2000);  United States v. Sandini, 803 F.2d 123, 127 (3d Cir. 1986) (holding that venue objection not raised before the close of trial is waived unless "the defendant has no notice that a facially proper allegation of venue is in fact defective"); United States v. Melia, 741 F.2d 70, 71 (4th Cir. 1984) (holding that objections to waiver must be made before trial "when the defect is apparent on the face of the indictment"); United States v. Jackson, 482 F.2d 1167, 1179 (10th Cir. 1973) (holding that "[i]mproper venue may be waived when it is apparent on the face of the indictment that the case should be tried elsewhere"); United States v. Brothman,191

F.2d 70, 72 (2d Cir. 1951) (holding that "[w]here the indictment discloses lack of venue, going to trial without objection to venue is a waiver" and "that the same result may follow if the defendant is warned of the defect during the trial"), overruled on other grounds, United States v. Reed, 773 F.2d 477 (2d Cir. 1985).

COUNT ONE

Even a cursory examination of the indictment makes it clear that there is no factual assertion in Count One of that instrument to sustain venue in the District of Columbia on the notion that the crime, or any part of it, was committed in the District of Columbia. For, the only assertion therein relating to venueis that the conspiracy was committed in "Colombia, and elsewhere."

21 U.S.C. Sec. 959(c)

The government, however, may argue that venue for this count may be sustained under the special venue provision contained in 21 U.S.C. Sec. 959(c):

> Acts committed outside territorial jurisdiction of United States; venue. This section is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States. Any person who violates this section shall be tried in the United States district court at the point of entry where such person enters the United States, or in the United States District Court for the District of Columbia.

The difficulty for the government in such an argument, however, is that this special venue provision has been construed by this Court as applying only to a

substantive violation of Section 959.  United States v. Cobar, No. 05-451, 2006 WL 3289267 (D.D.C. Nov. 9, 2006); see also, United States v. Torres-Garcia, No. 05-267 (D.D.C. 04/24/2007), relying on Cobar.   Mr. Perez-Rincon, however, is not charged, in Count One, with a substantive violation of section 959, but, rather, with a conspiracy to violate 959.  The latter offense is proscribed by a separate section, 21 U.S.C. Section 963, which includes no special venue provision.  Accordingly, venue for Count One may not be found on the basis of Section 959(c).  United States v. Cobar, supra.

18 U.S.C. Sec. 3238

Even if Section 959(c) is inapplicable, the government may claim that venue is proper  under 18 U.S.C. Section 3238. That section, titled "Offenses not committed in any district," reads:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought; but if such offender or offenders are not so arrested or brought into any district  an indictment or information may be filed in the district of  the last  known residence of the offender or of any one of two or more joint offenders, or if no such residence is known the Indictment or information  may be filed in the District of Columbia.

The indictment fails to allege facts sufficient to bring this case within the ambit of

5

Section 3238.  First, by its explicit terms, the statute applies only to offenses "begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district."  The indictment, however, alleges that the conspiracy charged in Count One was committed in "Colombia and elsewhere" without the slightest hint as to the geographical or jurisdictional limits of the term elsewhere."  Thus, as charged, the indictment on its face, does not exclude the idea that the crime was committed within "the jurisdiction of any particular State or district" of the United States.   Accordingly, Section 3238 is inapplicable.

Secondly, 3238 provides for venue in the District of Columbia only in narrowly constrained circumstances.  That is, only in the situation where the defendant was indicted prior to his being arrested or first brought into the United States, and the district of the last known residence of the defendant or of any two or more joint offenders is not known, is the District of Columbia the permissible venue.  Of course, none of these conditions precedent were alleged in Perez-Rincon's indictment which was therefore insufficient to sustain venue.  See, United States v. Bohle, supra  (an indictment alleges proper venue when it alleges facts which, if proven, would sustain venue.)

In Bohle, venue in the Northern District of Indiana was asserted under the provisions of 49 U.S.C. Section 1473(a). That section, insofar as here relevant, provided that where, as here, the offense takes place outside any district, "the trial shall be in the district where the offender . . . is arrested or is first brought. If such offender . . . [is] not so arrested or brought into any district, an indictment or information may be filed in the district of the last known residence of the offender . . . "  The indictment did allege that Bohle's last known residence was in the Northern District of Indiana but did

6

not allege that the indictment was returned prior to Bohle's return to the United States. Finding that the allegations were insufficient to establish venue in the Northern District of Indiana unless the Government alleged that the indictment was returned prior to Bohle's return to the United States, the <u>Bohle</u> Court stated that the "crucial allegation was absent from the indictment and thus the allegation of venue was patently improper."

Accordingly, Count One of the indictment here did not allege facts sufficient to sustain venue and it should, therefore, be dismissed.

<u>Count Three</u>

<u>21 U.S.C. Sec. 959(c)</u>

As a substantive violation of Section 959, the venue for Count Three - if properly pleaded under 959(c) - would be the District of Columbia. But, by its own explicit terms 959(c) is "intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States." As discussed above, however, the vague and uncertain description of the place of the commission of the crime in the indictment, "Colombia and elsewhere", does not satisfy the extraterritorial requisite for allowing venue in the District of Columbia. "Elsewhere," we would suggest, means essentially, "some other place" and simply cannot be equated with "outside the territorial jurisdiction of the United States." Accordingly, Count Three of the indictment does not allege facts sufficient to sustain venue under 959(c)

<u>18 U.S.C. Sec. 3238</u>

For the reasons discussed above regarding Count One, the indictment does not allege sufficient facts to sustain venue under Section 3238.

Wherefore defendant Juan Eduardo Perez-Rincon asks this Court to dismiss Counts One and Three of the indictment.

      Respectfully submitted,

      TODD MERER

      Attorney for Juan Eduardo

      41 Madison Avenue
      New York, NY 10010
      212-683-2525

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing motion was served on all parties by ECF on the 14 day of July, 2008.

_____/s/_____

Todd Merer