UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | CR. NO. 05-267 (RMC) |
| ) | |
| JUAN EDUARDO PEREZ-RINCON, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT JUAN EDUARDO PEREZ-RINCON'S MOTION TO DISMISS THE INDICTMENT FOR LACK OF VENUE**

**COMES NOW** the United States of America, by and through the undersigned attorney, and hereby opposes defendant Juan Eduardo Perez-Rincon's motion to dismiss his indictment for lack of venue. Perez-Rincon contends that venue under 18 U.S.C. § 3238 and 21 U.S.C. § 959(c) is improper simply because the indictment includes the phrase "Colombia and *elsewhere*" to describe the location of the criminal conduct. Mot. at 6 (emphasis added). Similarly, he claims that venue is improper under 18 U.S.C. § 3238 because the indictment does not specifically allege that: (1) Perez-Rincon had not yet been arrested; or (2) the Government had no known United States address for him. *Ibid*. In sum, relying upon a Seventh Circuit decision involving a different venue provision and distinguishable facts, Perez-Rincon claims that, to establish venue, the indictment must parrot the precise language of the applicable venue provisions and must, on its face, exclude all possible circumstances that, if proven, might defeat venue. Perez-Rincon's arguments are without merit.

Although venue must be *apparent* from the face of the indictment, there is no

requirement that the indictment specify in great detail the basis for venue or cite the statute or case law relied upon for venue. In this case, Perez-Rincon is charged with two counts – a conspiracy to violate 21 U.S.C. § 959 (Count 1) and a substantive violation of § 959 (Count 3). Venue is proper for the conspiracy charge because Perez-Rincon was indicted in the District of Columbia before his extradition to the United States. *United States v. Gurr*, 471 F.3d 144, 155 (D.C. Cir. 2006), *cert denied*, 127 S.Ct. 2146 (2007). Venue for the substantive violation of 21 U.S.C. § 959 is proper under § 959(c), which establishes venue in the District of Columbia.

Perez-Rincon provides no authority for his heightened pleading requirement, nor can he reconcile his theory with several well-established principles of venue, some of which are contained in the very cases he cites for support. Because the Government alleges facts that, if proven, will support venue in this Court, Perez-Rincon's motion to dismiss is without merit and should be denied.

## FACTS AND PROCEDURAL HISTORY

This case involves a significant drug trafficking organization operating in Colombia, Jamaica, Panama, and Mexico. Members of the organization transported cocaine from the northern coast of Colombia, through Mexico, and into the United States. The evidence in this case includes, but is not limited to, three seizures of cocaine and "go-fast" boats in international waters, two seizures of trucks carrying cocaine in Colombia, cooperating/government witnesses, surveillance, and hundreds of legally authorized wiretapped telephone conversations, intercepted in Colombia and Jamaica, which detail defendants' drug trafficking activities. The evidence also shows that Perez-Rincon – *while living and working in Colombia* – played a vital role in this drug trafficking organization by facilitating cocaine shipments and arranging financing for

cocaine purchases and shipments.

On September 14, 2005, a grand jury sitting in the District of Columbia returned the first indictment in this case; on January 3, 2006, a superseding indictment expanded the number of defendants. Perez-Rincon was charged for the first time in a second superseding indictment returned on April 18, 2006; on May 5, 2008, the grand jury issued a third superseding indictment. In the pending third superseding indictment, the grand jury charged Perez-Rincon with two counts:

- Count 1: In Colombia and elsewhere, from April 28, 2005 up to and including the date of indictment, Perez-Rincon engaged in a conspiracy to manufacture and distribute five kilograms or more of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. §§ 959, 960, and 963;

- Count 3: On or about January 21, 2006, in Colombia and elsewhere, Perez-Rincon knowingly and intentionally distributed five kilograms or more of a mixture or substance containing a detectable amount of cocaine, intending and knowing that the cocaine would be unlawfully imported into the United States, in violation of 21 U.S.C. § 959.

In August 2006, the United States presented provisional arrest requests to the Colombian government for many of the defendants, including Perez-Rincon. The Colombian government ultimately extradited Perez-Rincon on March 6, 2008.

ARGUMENT

I.  APPLICABLE LAW

    A.  Statutory Overview

Perez-Rincon's motion to dismiss focuses on two statutory provisions – 21 U.S.C. § 959 and 18 U.S.C. § 3238. Section 959 criminalizes the extraterritorial manufacture or distribution of certain drugs (including cocaine), when the defendant knows or intends that the drugs are destined for the United States. 21 U.S.C. § 959.[1] As the express statutory language makes clear, § 959 "is intended to reach acts of manufacture or distribution committed outside the territorial jurisdiction of the United States." 21 U.S.C. § 959(c); *see United States v. King*, 552 F.2d 833, 850 (9th Cir. 1976) ("Adopted in 1970, the statute is expressly aimed at having extraterritorial effect."). Section 959 also contains a unique specific venue provision, which provides, in part, that a defendant "shall be tried in the United States District Court at the point of entry where the person enters the United States, or in the United States District Court for the District of Columbia." 21 U.S.C. § 959(c).

Section 3238 is the current version of an extraterritorial venue statute that dates back to

---

[1] More specifically, § 959 makes it unlawful

for any person to manufacture or distribute a controlled substance in Schedule I or II or flunitrazepam or listed chemical –

(1) intending that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States; or

(2) knowing that such substance or chemical will be unlawfully imported into the United States or into waters within a distance of 12 miles of the coast of the United States.

21 U.S.C. § 959(a).

the first Congress. *See Cook v. United States*, 138 U.S. 157, 182 (1891); Justice Story, 2 Story, Const. § 1781. From its inception, the statute predicated venue on the physical custody of the defendant, establishing venue where the person was "found," "arrested," or "first brought." Courts agree that, in using these terms, "Congress had restraint in mind." *United States v. Erdos*, 474 F.2d 157, 160 (4th Cir. 1973). The first clause of § 3238 incorporates these historical concepts by providing that:

> The trial of all offenses begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district, shall be in the district in which the offender, or any one of two or more joint offenders, is arrested or is first brought.

18 U.S.C. § 3238.

> In 1963, Congress added a second clause to § 3238, providing that:
>
> but if such offender or offenders are not so arrested or brought into any district, an indictment or information may be filed in the district of last known residence of the offender or of any one of two or more joint offenders, of, if no such residence is known, the indictment or information may be filed in the District of Columbia.

18 U.S.C. § 3238. Courts, including the D.C. Circuit, have consistently held that the two clauses in § 3238 must be read in the disjunctive. *Gurr*, 471 F.3d at 155; *United States v. Layton*, 855 F.2d 1388, 1410-11 (9th Cir. 1988), *rev'd on other grounds*; *United States v. Fraser*, 709 F.2d 1556 (6th Cir. 1983); *United States v. McRary*, 616 F.2d 181, 185 (5th Cir. 1980); *United States v. Hsin-Yung*, 97 F. Supp. 2d 24, 29 (D.D.C. 2000); *United States v. Torres-Garcia*, 2007 WL 1207204 at *7 (D.D.C. 2007); *see also* Wright 2 Fed.Prac. & Proc.Crim.2d § 304 (West Supp.1999). Thus, when the "defendant is indicted *before* he is brought into the United States, he may be tried in the district in which he was indicted regardless of whether it is the district in which he is first brought into the United States." Charles A. Wright & Arthur R. Miller, 2

Fed.Prac. & Proc.Crim.2d § 304 (West 1982) (emphasis added); *see also Gurr*, 471 F.3d at 155 (citing Wright & Miller).

  B. <u>Venue Overview</u>

  The Government has the burden of proving venue as to each count charged against the defendant. *United States v. Maldonado-Rivera*, 922 F.2d 934, 968 (2d Cir. 1990). Venue, however, is not an essential element of the Government's case because failure to establish this element does not impact on the guilt or innocence of the defendant. *United States v. Kaytso*, 868 F.2d 1020, 1021 (9th Cir. 1988); *United States v. Griley*, 814 F.2d 967, 973 (4th Cir. 1987); *United States v. Netz*, 758 F.2d 1308, 1311 (8th Cir. 1985). As a result, unlike other elements of a crime which must be established beyond a reasonable doubt, venue need only be proved by a preponderance of the evidence. *United States v. Lam Kwong-Wah,* 924 F.2d 298, 301 (D.C. Cir. 1991); *Maldonado-Rivera*, 922 F.2d at 968; *United States v. Delgado*, 914 F.2d 1062, 1064 (8th Cir. 1990); *United States v. Bryan*, 896 F.2d 68, 72 (5th Cir. 1990); *United States v. Marrinson*, 832 F.2d 1465, 1475 (7th Cir. 1987); *Griley*, 814 F.2d at 973. Moreover, venue may be established either by direct or circumstantial evidence. *Griley*, 814 F.2d at 973; *Marrinson*, 832 F.2d at 1475; *Netz*, 758 F.2d at 1311.

  When there is no statutory basis, venue is determined based on the *locus delicti* of the charged offense. *United States v. Rodriguez-Moreno*, 526 U.S. 275 (1999). That determination is made by the court, based on the facts offered by the Government. The Supreme Court has explained:

> the *locus delicti* [of the charged offense] must be determined from the nature of the crime alleged and the location of the acts constituting it. In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and

then discern the location of the commission of the criminal acts.

*Rodriguez-Moreno*, 526 U.S. at 279 (internal citations and quotations omitted); *see also United States v. Cabrales,* 524 U.S. 1, 6-7 (1998).

II.     THE INDICTMENT IS SUFFICIENT TO ALLEGE VENUE IN THIS
        EXTRATERRITORIAL PROSECUTION

   A.     The Government Has Alleged Sufficient Facts to Support Venue

From the outset, Perez-Rincon bases his argument on a misapplication of the relevant legal standard. While venue must be *apparent* from the face of the indictment, none of the cases cited by Perez-Rincon, and no case known to the Government, supports Defendant's hyper-technical approach to venue. In sum, Perez-Rincon argues that the indictment must be dismissed because the Government included the word "elsewhere" in both counts, which "does not exclude the idea that the crime was committed within 'the jurisdiction of any particular Sate or district' of the United States." Mot. at 6. Additionally, Perez-Rincon claims that venue under 18 U.S.C. § 3238 is improper unless the Government proves three negatives: (1) the defendant had not yet been arrested or brought to the United States at the time of indictment (Mot. at 6); (2) the defendant did not have a last known address in the United States (*ibid.*); and (3) the Government did not have a last known United States address for two or more co-defendants. *Id.* at 6-7.

By making this argument, Perez-Rincon seeks to elevate technical form over substance and ignores the fundamental rule that indictments are to be read in a common sense manner. *United States v. Lee*, 359 F.3d 194, 209 (3d Cir. 2004). Moreover, it is axiomatic that the Government need not prove a negative or "exclude" all possible scenarios in an indictment that, if proven at trial, might defeat venue. *See* Fed. R. Crim. Pro. 7(c)(1) (indictment must be a

"plain, concise, and definite written statement of the essential facts constituting the offense charged." ).[2] If Perez-Rincon has facts that undermine the Government's assertion of venue, he has the burden to raise them. As his motion to dismiss highlights, however, Perez-Rincon has no substantive basis to refute the Government's assertions. This Court's docket establishes that Perez-Rincon was extradited after his indictment, and Perez-Rincon makes no claim that he ever resided in the United States, let alone that prosecutors knew of any United States address. Rather, Perez-Rincon can only raise a series of technical and semantical claims that would be defeated if the United States obtained a fourth superseding indictment. Such a remedy is not required, as Perez-Rincon's claims do not justify dismissing the indictment.

Indeed, Perez-Rincon cannot reconcile his theory with well-established principles of venue, some of which are contained in the very cases he cites for support. First, numerous courts have held that a defendant must raise a venue challenge before trial if the defect appears on the face of the indictment, but may raise the challenge at the end of the Government's case if the defect is not obvious and the Government has not proven venue by a preponderance of the evidence. *See, e.g., United States v. Novak*, 443 F.3d 150, 161 (2d Cir. 2006); *United States v. Perez*, 280 F.3d 318, 328 (3d Cir. 2002); *see also* Mot. at 3-4. This precedent illustrates that the Government's burden to allege venue in the indictment is not heavy – it must simply allege facts that, if proven at trial, will support venue.

Second, Perez-Rincon's hyper-technical theory is inconsistent with the well-established principle that a court may have to determine the propriety of venue based on the *locus delicti* of

---

[2] Although styled as a motion to dismiss for lack of venue, Perez-Rincon's motion reads as a request for a bill of particulars, *i.e.*, a request for more information on what is encompassed by the term "elsewhere." He offers no basis for obtaining that information.

the crime. Again, this indicates that the Government need not prove venue in the indictment, but must merely state facts that would support venue. *See United States v. Stickle*, 454 F.3d 1265, 1272 (11th Cir. 2006) (evidence at trial established venue under 18 U.S.C. § 3238 because *locus delicti* was the high seas). Here, the Government has alleged that Perez-Rincon engaged in activity that, if proven, would support venue in the District of Columbia under 18 U.S.C. § 3238 and 21 U.S.C. § 959(c).

Perez-Rincon's reliance upon *United States v. Bohle*, 445 F.2d 54, 59 (7th Cir. 1971), *overruled on other grounds by United States v. Lawson*, 653 F.2d 299 (7th Cir. 1981), is unpersuasive. *Bohle* is a 37-year old decision involving a different venue provision (49 U.S.C. § 1473) that has since been deleted. H.R. Rep. No. 103-180, Table 2A, p. 587, *reprinted at* 1994 U.S.C.C.A.N. 818, 1404. Significantly, in *Bohle*, the indictment contained a partial, but incomplete, assertion of venue under § 1473(a). Defendant knew that there was a problem with venue, because he knew he was arrested before the indictment was returned. Thus, under that venue provision and those facts, the Seventh Circuit found that the defendant had waived any venue argument. *Bohle*, 445 F.2d at 58-60.

In stark contrast, in this case there is no facial error. If the Government proves at trial that Perez-Rincon manufactured and distributed cocaine outside the United States, and conspired to do so outside the United States, venue in this District is clearly proper. Nor is there any error known to Perez-Rincon. He knows that he was indicted prior to his extradition from Colombia, and he knows that he had no prior United States residence, let alone a prior residence known to the Government. Accordingly, his argument on this ground is pure form over substance and does

not warrant dismissal of the indictment.[3]

      B.    Venue is Proper for Count 1 (Conspiracy to Extraterritorially Manufacture and Distribute Cocaine Knowing and Intending it Would be Destined for the United States) Under 18 U.S.C. § 3238

Perez-Rincon also argues that, because 18 U.S.C. § 3238 "applies only to offenses 'begun or committed upon the high seas or elsewhere out of the jurisdiction of any particular State or district,'" the indictment must "exclude the idea that the crime was committed within 'the jurisdiction of any particular State or district' of the United States." Mot. at 6. In addition to the reasons noted above, this argument is incorrect because § 3238 applies even if some activity occurred within the United States.

As Perez-Rincon admits, the text of § 3238 provides that "[t]he trial of all offenses *begun or committed upon the high seas, or elsewhere out of the jurisdiction of any particular State or district.*" 18 U.S.C. § 3238 (emphasis added). The use of the word "begun" clearly indicates that § 3238 applies to cases even when the crime has a domestic component. *United States v. Levy Auto Parts of Canada,* 787 F.2d 946, 950 (4th Cir. 1986) (§ 3238 is continuing offense statute); *United States v. Torres-Garcia,* 2007 WL 1207204 at *7 (D.D.C. 2007) (applying § 3238 even where significant domestic overt acts were alleged); *see also United States v. Jensen*, 93 F.3d 667, 671 (9th Cir. 1996) (Fletcher, J., concurring) ("That the defendants also operated their vessels within the District of Alaska does not remove section 3238's applicability – the alleged

---

[3] In *United States v. Cobar*, 2006 WL 3289267 (D.D.C. 2006), this Court held that venue in a conspiracy to violate 21 U.S.C. § 959(c) lies where the conspiracy was formed. Here, the conspiracy was formed overseas; thus, venue is proper in this District. Moreover, to the extent this Court considered 18 U.S.C. § 3238, it did so prior to the D.C. Circuit's decision in *Gurr*. *Gurr* makes clear that venue is proper under § 3238 when the defendant is indicted prospectively in the District of Columbia, prior to being extradited or first brought to the United States. *Gurr*, 471 F.3d at 155.

offense was still 'begun or committed' upon the high seas * * *") (citing 8A James A. Moore et al., Moore's Federal Practice ¶ 18.06[3] (2d ed.1995)) (additional citations omitted); *United States v. Erwin*, 602 F.2d 1183, 1185 (5th Cir. 1979) ("that venue may also be appropriate in another district will not divest venue properly established under § 3238"); *United States v. Bin Laden*, 91 F. Supp. 2d 600, 613 n.23 (S.D.N.Y. 2000) (collecting cases).

Perez-Rincon's argument is likewise inconsistent with the legislative history of § 3238, which:

> illustrates the permissive nature of the language providing for the place for the return of indictments. That language was intended to relieve the prosecution of the burden of demonstrating that an offender who remained without the territorial jurisdiction of the U.S. was a "person fleeing from justice" under 18 U.S.C. § 3290, for purposes of tolling any applicable statute of limitations.

*McRary*, 616 F.2d at 185. In the instant case, the government has permissibly availed itself of the option, specifically provided by Congress, to indict an offender outside the territorial jurisdiction in the District Court for the District of Columbia. *See United States v. Smith*, 452 F.3d 323, 334 (4th Cir. 2006) ("venue rules do not require the government to prosecute in any particular district when venue lies in multiple locations"); *United States v. Williams*, 589 F.2d 210, 213 (5th Cir. 1979) (venue statutes not mutually exclusive).

    C.    Venue is Proper for Count 3 (Extraterritorial Drug Trafficking) Under 21 U.S.C. § 959(c)

Finally, Perez-Rincon argues that venue for Count 3 is improper under 21 U.S.C. § 959(c) because the count includes the phrase "Colombia and elsewhere." Mot. at 7. He states, without any citation, that this phrase "does not satisfy the extraterritorial requisite for allowing venue in the District of Columbia." *Ibid.* His statement is factually and legally incorrect. As a factual

matter, the indictment alleges that the drug trafficking occurred primarily overseas – specifically in Colombia as indicated by the phrase in "Colombia and elsewhere." This fact is corroborated by the evidence produced to date.

As a legal matter, nothing in § 959, its legislative history, or case law supports Perez-Rincon's conclusory statement or his apparent assumption that § 959 cannot apply if there is any activity in the United States. Such an argument eviscerates Congress's long standing constitutional authority to designate venue when a crime occurs outside of a state and ignores the clear, mandatory language of § 959(c). Moreover, taken to its logical conclusion, Perez-Rincon's argument renders § 959 a virtual nullity. In most § 959 cases, there will be some activity in the United States because drug traffickers must locate purchasers for their wares and must resolve the logistical problems of drug trafficking – transportation, security, and payment. This does not mean that the crime was "committed" within a territory of the United States, nor does it defeat venue under § 959(c). Perez-Rincon's conclusory argument, unsupported by any case law does not justify dismissal of the indictment for lack of venue.

## CONCLUSION

For the foregoing reasons, Perez-Rincon's motion to dismiss for lack of venue should be denied.

Respectfully submitted this 8th day of August, 2008.

        Wayne C. Raabe, Acting Chief
        Narcotic and Dangerous Drug Section


        *//s//Patrick H. Hearn*
        Patrick H. Hearn
        Trial Attorney
        U.S. Department of Justice
        Criminal Division
        Narcotic and Dangerous Drug Section
        (202) 305-7606

## CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of August, 2008, a copy of the foregoing Government's Opposition to Defendant Juan Eduardo Perez-Rincon's Motion to Dismiss the Indictment for Lack of Venue was served via ECF upon counsel of record.

        */s/ Patrick H. Hearn*
        Patrick H. Hearn